UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

IEASHA S. and MARIA F.,

                Plaintiffs

- against -

CITY OF NEW YORK and NEW YORK CITY
DEPARTMENT OF HOMELESS SERVICES,

                Defendants.
------------------------------------------------------------ x

07 Civ. 8843 (RS)

**JURY TRIAL DEMANDED
COMPLAINT**

      Plaintiffs, by and through their attorneys, allege as follows:

**PRELIMINARY STATEMENT**

      1.      This is an action for declaratory and injunctive relief as well as compensatory and punitive damages brought under Title II of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act of 1973, the Due Process Clauses of the United States and New York State Constitutions, and New York State and City civil rights statutes and regulations as well as New York State Social Services Law and regulations.

      2.      This action involves allegations of discrimination on the basis of disability by the New York City Department of Homeless Services ("DHS"). Ieasha S. is a mentally disabled, homeless woman who has attempted suicide at least twice. She lives in a homeless shelter with her domestic partner, Maria F. Plaintiffs allege that DHS has failed to reasonably accommodate Ieasha S.'s known pyschiatric disabilities. In particular, DHS failed to accommodate Ieasha S.'s mental impairments by giving her less than 48 hours' notice of DHS's intent to transfer her to a new shelter without taking into consideration her mental health needs. As a result of DHS's

actions, Ieasha S. became emotionally distressed and was rushed to St. Luke's Roosevelt Hospital for emergency psychiatric care. Plaintiffs seek emergency injunctive relief in the form of an order directing DHS to accommodate Ieasha S.'s disability by delaying the transfer until Ieasha S. receives follow up psychiatric care and her psychiatric provider indicates that a transfer will be consistent with her mental health needs.

## JURISDICTION

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343(a)(3) and (4). The action arises under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq., Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the Due Process Clause of the United States Constitution.

4. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over plaintiffs' claims under the New York State Constitution and state and local laws prohibiting disability discrimination.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2).

## PARTIES

6. Plaintiff Ieasha S. and her domestic partner Maria F. live at the Parkview Hotel, ("the Parkview") a shelter for homeless families in Manhattan. They have lived there since September, 2006. Ieasha S. is Schizophrenic and Bipolar. She also suffers from asthma. Ieasha S. has a psychiatric disability, which substantially limits her major life activities by, among other things, making her emotionally volatile and, at times, depriving her of the ability to accomplish even small tasks. Ieasha S. is a person with a disability within the meaning of the Americans with Disabilities Act ("ADA"); the Federal Rehabilitation Act ("Rehab Act"); the New York State Civil Rights Law; the New York State Human Rights Law; the New York State Social

Services Law; the New York City Human Rights Law, as well as New York State and New York City regulations designed to protect people with disabilities from discrimination.

7. Plaintiff Maria F. suffers from depression and a seizure disorder resulting from a head injury sustained in a car accident. Maria F. has psychiatric and physical disabilities which substantially limit her major life activities by, among other things, depriving her of the ability to concentrate at times or to do other sustained activities and by making her emotionally volatile. Maria F. is a person with a disability within the meaning of the Americans with Disabilities Act ("ADA"); the Federal Rehabilitation Act ("Rehab Act"); the New York State Civil Rights Law; the New York State Human Rights Law; the New York State Social Services Law; the New York City Human Rights Law, as well as New York State and New York City regulations designed to protect people with disabilities from discrimination.

8. Plaintiffs Ieasha S. and Maria F. are eligible for shelter assistance as a family unit pursuant to regulations promulgated by the New York State Office of Temporary and Disability Assistance, Title 18 New York Codes, Rules and Regulations, § 900.2.

9. Plaintiffs Ieasha S. and Maria F. are qualified to participate in the shelter program administered by the New York City Department of Homeless Services.

10. Defendant City of New York is a municipal corporation chartered under the laws of the State of New York.

11. Defendant New York City Department of Homeless Services, ("DHS"), is an executive agency of the City of New York which has responsibility for the operation and administration of the homeless shelter programs for New York City residents. The City of New York receives federal funding and is subject to the provisions of Section 504 of the Federal Rehabilitation Act ("Rehab Act"), as well as Title II of the Americans with Disabilities Act; the

New York State Civil Rights Law, § 40 - c; the New York State Human Rights Law (Executive Law § 296); and the New York City Human Rights Law, N.Y.C. Administrative Code § 8-107(4)(a).

## FACTS

12.     Plaintiff Ieasha S. is 29 years old and suffers from Schizophrenia and Bipolar Disorder. She has attempted suicide at least twice in the past, once while residing at the Parkview Hotel shelter. Plaintiff Maria F. suffers from depression and a seizure disorder. She and Ieasha S. are domestic partners. Plaintiffs were placed by DHS at the Parkview Hotel, which is operated as a family shelter, in or about September, 2006.

13.     At 5 30 p.m. on Tuesday, October 9, 2007, plaintiffs were given a notice stating that they would be transferred to a different shelter facility less than 48 hours later. Ieasha S. became so distraught upon hearing this news that she had to be taken by ambulance to St. Luke's Roosevelt Hospital for emergency psychiatric care. She was seen in the hospital emergency room and discharged after being given an appointment to see a psychiatrist on Monday, October 15, 2007.

14.     On Wednesday, October 10, 2007, plaintiffs were advised that they would still be transferred to another shelter the following day. Concerned about Ieasha S.'s well-being, Maria F. contacted the Legal Aid Society. By email message sent on October 10, 2007, the Legal Aid Society asked the Department of Homeless Services to accommodate Ieasha S.'s disability by delaying any shelter transfer until Ms. S. could be evaluated and her psychiatric provider could confirm that the proposed transfer would be consistent with her mental health needs.

15.     DHS responded on October 11, 2007 by stating that no transfer would take place on that day. At the same time, Ieasha S. and Maria F. were told by a DHS program analyst that

they would be transferred on Monday, October 15, the same day that Ms. S. was due to see a psychiatrist. By letter dated October 11, 2007, plaintiffs, through counsel, asked the City of New York and DHS to accommodate Ms. S.'s disability by delaying the proposed transfer until the psychiatric evaluation was completed and Ms. S.'s psychiatric provider indicated that a transfer would be consistent with her mental health needs.

16. Counsel for the City of New York indicated only that the Legal Aid Society would be given 48 hours notice of plaintiffs' transfer and that Ms. S.'s psychiatric evaluation would be considered in the transfer process. However, the City would not rescind the transfer notice to accommodate Ms. S.'s disability or take other action with regard to the fact that notice of the intended transfer caused Ieasha S. To be rushed to the hospital for emergency psychiatric treatment.

17. Defendants City of New York and DHS do not have effective procedures in place to ensure that individuals such as Ieasha S. are provided with reasonable accommodation in the shelter transfer process.

18. Defendants City of New York and DHS do not have effective procedures in place to ensure that homeless individuals with disabilities such as Ieasha S. are provided with information as to their rights under the ADA, including but not limited to procedures for filing requests for accommodations, grievances and appeal procedures.

19. Defendants City of New York and DHS have failed to train and supervise the staff at DHS regarding the requirements of the Americans with Disabilities Act and how to accommodate clients with disabilities.

20. As a result of the defendants' actions and omissions, Ieasha S. has suffered emotional distress and a diminution of her ability to enjoy life.

21. Plaintiffs have no plain and adequate remedy at law to redress the defendants' deprivation of their rights under the Americans with Disabilities Act, federal Rehabilitation Act, the due process clause of the United States Constitution and the various State and local laws which defendants are alleged to have violated

## CLAIMS FOR RELIEF
## FIRST CLAIM FOR RELIEF
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

**A.     Discrimination Claims**

22.     The City of New York and DHS are "public entities" within the meaning of the ADA, 42 U.S.C. § 12131(1), and U.S. Department of Justice implementing regulations, at 28 C.F.R.35.104.

23.     Plaintiff Ieasha S. has at least one "disability" as that term is used in the ADA. Ieasha S. is a "qualified individual with a disability" as defined under the ADA, 42 U.S.C. § 12131(2) and 28 C.F.R. § 35.104, because she is an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by the City of New York and DHS.  Plaintiff Ieasha S. has at least one "disability" as that term is used in the ADA.  Plaintiff Maria F. is a "qualified individual with a disability" as defined under the ADA, 42 U.S.C. § 12131(2) and 28 C.F.R. § 35.104, because she is an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by the City of New York and DHS.   Plaintiff Maria F. has at least one "disability" as that term is used in the ADA.

24.    Defendants discriminated and continue to discriminate against plaintiffs in violation of 42 U.S.C. §§ 12132 and its implementing regulations, 28 C.F.R. §§ 35.130, in the following ways:

(A)    Defendants discriminate against plaintiffs by failing to provide reasonable modifications necessary for them to obtain temporary shelter in violation of 42 U.S.C. § 12112(b)(5)(A) and 28 C.F.R. §§ 35.130(b)(7).

(B)    Defendants discriminate against plaintiffs by failing to provide plaintiffs with temporary shelter and other DHS program benefits in a manner that is as effective in affording equal opportunity to obtain the same result, gain the same benefit and reach the same level of achievement as that provided to others, in violation of 35.130(b)(1)(ii)&(iii);

(C)    Defendants discriminate against plaintiffs by using methods of administration that subject plaintiffs to discrimination in violation of 28 C.F.R. §§ 35.130(b)(3)(i)-(ii).

25.    With respect to each kind of discrimination, paragraphs (A)-(D), defendants discriminated or continue to discriminate against plaintiffs because of their disabilities.

**B.    Notice Claim**

26.    Defendants City of New York and DHS violated the Americans with Disabilities Act by failing to inform plaintiffs of their rights under the ADA and the manner in which they may seek a reasonable modification of DHS policies and to have DHS accommodate their disabilities in the process of transferring them within the family shelter system in violation of 28 C.F.R. § 35.106.

**SECOND CLAIM FOR RELIEF**

## VIOLATIONS OF THE REHABILITATION ACT

A.   **Discrimination Claims**

27.   Defendant City of New York is a "recipient" of "federal financial assistance," as defined by Section 504 of the Rehabilitation Act of 1973 and by implementing regulations promulgated by the U.S. Department of Justice, and the U.S. Department of Health and Human Services, thereby rendering the City of New York and DHS subject to Section 504. 29 U.S.C. § 794(b)(1); 28 C.F.R. § 41.3(d)-(e); 45 C.F.R. § 84.3(f)-(h).

28.   The administration by the City of New York and DHS of the temporary shelter program, which is funded in part with federal financial assistance, constitute "programs or activities" subject to section 504 of the Rehabilitation Act of 1973. 29 U.S.C. § 794(b)(1).

29.   Plaintiffs have at least one "disability," as that term is used in Section 504 of the Rehabilitation Act. Like the ADA, Section 504 defines a disability as a physical or mental impairment that substantially limits one or more of the major life activities. 29 U.S.C. § 705(9)(B) & (20)(B).

30.   Plaintiffs are "handicapped persons," as that term is defined in regulations implementing Section 504. Section 504 regulations define a handicap as a physical or mental impairment that substantially limits one or more of the major life activities of such individual. 28 C.F.R. § 41.31(a) and 45 C.F.R. § 84.3(j), (l).

31.   Plaintiffs meet the essential eligibility requirements for the receipt of temporary shelter services and are therefore "qualified handicapped persons," as that term is defined in regulations implementing Section 504. 28 C.F.R. § 41.32 and 45 C.F.R. § 84.3(l).

32.   Defendants discriminated and continue to discriminate against plaintiffs in violation of 29 U.S.C. § 794(a) and its implementing regulations, 28 C.F.R. § 41.51 and 45

C.F.R. § 84.4, in the following ways:

    (A)    Defendants discriminate against plaintiffs by failing to provide reasonable modifications necessary for them to participate in the temporary shelter program in violation of 29 U.S.C. § 794(a).

    (B)    Defendants discriminate against plaintiffs by failing to (i) afford them such benefits and services as are offered to families who do not include persons with mental impairments in a manner that is equal to others; and (ii) by failing to provide them with benefits in a manner that is as effective in affording equal opportunity to obtain the same result, gain the same benefit and reach the same level of achievement as that provided to others, in violation of 28 C.F.R. § 41.51(b)(1)(ii)-(iii); 45 C.F.R. §§ 84.4(b)(2) and 84.4(b)(1)(ii)-(iii); and

    (C)    Defendants discriminate against plaintiffs by using methods of administration that subject the plaintiffs to discrimination, in violation of 28 CF.R. §§ 41.51(b)(3)(i)-(ii) and 45 C.F.R. § 84.4(b)(4)(i)-(ii).

32. With respect to each kind of discrimination, paragraphs (A)-(C), the defendants discriminated or continue to discriminate against plaintiffs because of disabilities.

**B. Notice Claim**

33. Defendants City of New York and DHS violated Section 504 of the Federal Rehabilitation Act by failing to inform plaintiffs of their rights under the Federal Rehabilitation Act and the manner in which they may seek a reasonable modification of DHS policies and to have DHS accommodate their disabilities in the process of initiating a shelter transfer in violation of 28 C.F.R. 39.111 and 45 C.F.R. § 84.8(a).

**THIRD CLAIM FOR RELIEF**
**VIOLATION OF THE UNITED STATES CONSTITUTION – DUE PROCESS**

34. At all times relevant herein, defendants City of New York and DHS were acting under color of statutes, ordinances, regulations, custom, or usage of the State of New York.

35. Defendants violated and continue to violate the rights of plaintiffs guaranteed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, which is actionable pursuant to 42 U.S.C. § 1983, in at least the following ways:

    (A) by depriving plaintiffs of family shelter in violation of the laws of New York State.

## FOURTH CLAIM FOR RELIEF
## VIOLATIONS OF THE NEW YORK STATE CONSTITUTION – DUE PROCESS

36. Defendants violated and continue to violate the rights of plaintiffs guaranteed by Article I, § 6 of the New York State Constitution, in at least the following ways:

    (A) by depriving plaintiffs of family shelter in violation of the laws of New York State.

## FIFTH CLAIM FOR RELIEF
## VIOLATIONS OF § 296.2(a) OF THE
## NEW YORK STATE HUMAN RIGHTS LAW

37. The homeless shelter program administered by DHS is a public accommodation. N.Y. Exec. Law § 292(9).

38. Plaintiffs are persons with a disability within the meaning of N.Y. Exec. Law § 292(21).

39. Defendants City of New York and DHS subjected and continue to subject plaintiff to discrimination of their civil rights on the basis of disability by refusing to accommodate plaintiffs" disabilities in the shelter transfer and assignment process; and by adopting policies,

procedures and methods of administration that have a disparate impact on disabled persons in violation of the State Human Rights Law.  N.Y. Exec. Law § 296.2(a).

**SIXTH CLAIM FOR RELIEF**
**VIOLATIONS OF THE NEW YORK STATE**
**CIVIL RIGHTS LAW § 40-c**

40. At or before the commencement of this action, notice thereof has been served upon the attorney general of the State of New York.

41. Plaintiffs are persons with a disability within the meaning of N.Y. Exec. Law § 292(21).

42. Defendants City of New York and DHS subjected and continue to subject plaintiffs to discrimination in their civil rights on the basis of disability by refusing to accommodate plaintiffs' disabilities in the shelter transfer process; and by adopting policies, procedures and methods of administration that have a disparate impact on disabled persons in violation of New York State Civil Rights Law.  N.Y. Civ. Rights Law § 40-c.

**SEVENTH CLAIM FOR RELIEF**
**VIOLATIONS OF THE REGULATIONS OF THE NEW YORK STATE**
**DEPARTMENT OF SOCIAL SERVICES**

43. Defendants discriminated and continue to discriminate against plaintiff in violation of 18 N.Y.C.R.R. § 303.1 including but not limited to the following ways:

    (A) By establishing policies and practices which have the effect of discriminating against plaintiffs on the basis of handicap or disability in violation of 18 N.Y.C.R.R. § 303.1(a); and

    (B) By denying plaintiffs an aid, care, service or other benefit and privilege on the basis of handicap in violation of 18 N.Y.C.R.R. § 303.1(b)(1); and

    (C) By restricting plaintiffs in the enjoyment of an advantage or privilege

enjoyed by others receiving aid, care, services, and other benefits or privileges on the basis of their handicaps in violation of 18 N.Y.C.R.R. § 303.1(b)(4).

### EIGHTH CLAIM FOR RELIEF
### VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW

44. Defendants City of New York and DHS are each a "person" subject to N.Y.C. Administrative Code § 8-107(4)(a).

45. Plaintiffs each have a disability within the meaning of N.Y.C. Administrative Code § 8-102(16).

46. Defendants discriminate against plaintiffs in violation of N.Y.C. Administrative Code § 8-107(4)(a) by refusing, withholding from or denying plaintiff accommodations, advantages, facilities or privileges because of her disabilities, and by engaging in practices which have the effect of discriminating against them.

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs request that this Court grant them the following relief:

47. Adjudge and declare that the policies, practices, omissions and conditions described above are in violation of the rights of the plaintiffs under the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, the Due Process Clause of the United States and New York State Constitutions, the New York State Human Rights Law, the New York State Civil Rights Law, the New York State Social Services Law and its implementing regulations and the New York City Civil Rights Law.

48. Permanently enjoin defendants, their agents, employees and all persons acting in concert with them:

    (a) to refrain from transferring plaintiffs unless and until plaintiffs' disabilities

have been accommodated.

    (b)    from assigning plaintiffs to any homeless shelter, room, or other abode which does not accommodate their disabilities.

49. Order defendants to develop transfer policies and procedures consistent with governing law and to ensure that plaintiffs are informed of their rights under the Americans with Disabilities Act.

50. Order defendants to develop policies and procedures to ensure that plaintiffs will have an opportunity to reasonably object to any transfer or reassignment on the ground that their needs for reasonable accommodations based on their disabilities will not be met by such transfer or reassignment and/or that their rights under the Americans with Disabilities Act are being or will be violated.

51. Order defendants to develop policies and procedures to ensure the appropriate assessment of shelter residents with disabilities so that their shelter transfers and/or assignments will conform to law.

52. Order defendants to train and supervise DHS employees, contractors and other agents in providing shelter and other services in a manner consistent with the Americans with Disabilities Act.

53. Order defendants to refrain from employing methods of administration that have the effect of discriminating against plaintiffs based on their disabilities.

54. Award plaintiffs, pursuant to 29 U.S.C. § 794(b), 42 U.S.C. § 1988, and 42 U.S.C. § 12205, and the New York City Human Rights Law, N.Y.C. Administrative Code § 8-502(f), the costs of this suit and reasonable attorneys' fees and litigation expenses.

55. Order defendants City of New York and DHS to pay plaintiffs such compensatory

and punitive damages as may be awarded by the jury, and such statutory fines as are set forth in the New York State Civil Rights Law § 40 - d.

56. Retain jurisdiction of this case until the defendants have fully complied with the orders of this Court, and there is a reasonable assurance that the defendants will continue to comply in the future; and

57. Award such other and further relief as the Court deems just and proper.

Dated: New York, New York

      October 15, 2007

                    THE LEGAL AID SOCIETY
                    Steven Banks (SB-0987)
                    Attorney-in-Chief
                    Adriene Holder, Esq.
                    Attorney-in-Charge, Civil Practice Area
                    Scott Rosenberg, Attorney in Charge of Law Reform
                    The Law Reform Unit
                    Kenneth Stephens, of counsel
                    Amanda Moretti, of counsel
                    199 Water Street, 3d Floor
                    New York, New York  10038
                    Telephone (212) 577-3273
                    Facsimile (212) 509-8753

By: _____

      Amanda Moretti (AM - 9725)

Case 1:07-cv-08843-RWS    Document 1    Filed 10/15/2007    Page 15 of 15