UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

IEASHA S. and MARIA F., and OLGA C.M.,

                                Plaintiffs,

                -against-

CITY OF NEW YORK and NEW YORK CITY
DEPARTMENT OF HOMELESS SERVICES,

                                Defendants.

-------------------------------------------------------------------- x

**ANSWER**

07 CV 8843 (RWS) (HBP)

        Defendants, the City of New York and the New York City Department of Homeless Services ("DHS"), by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, as and for their Answer to the Amended Complaint, dated November 14, 2007 ("Amended Complaint"), respectfully allege as follows:

        1.      Deny the allegations set forth in paragraph "1" of the Amended Complaint, except admit that plaintiffs purport to proceed as stated therein.

        2.      Deny the allegations set forth in paragraph "2" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff Ieasha S. has attempted suicide, and admit that at the time the Amended Complaint was filed, plaintiffs Ieasha S. and Maria F. resided together in a shelter for homeless adult families, and that plaintiffs purport to proceed as stated therein.

        3.      Deny the allegations set forth in paragraph "3" of the Amended Complaint, except admit that at the time the Amended Complaint was filed, plaintiff Olga C.M. resided with her son Christopher M. in a shelter for homeless adult families, that plaintiff Olga C.M. provided a letter asking DHS not to transfer plaintiff Olga C.M., that plaintiffs purport to

proceed as stated therein, and respectfully refer the Court to the letter referenced by plaintiffs for a complete and accurate statement of its contents.

4.    Deny the allegations set forth in paragraph "4" of the Amended Complaint, except admit that plaintiffs purport to invoke the Court's jurisdiction as stated therein, and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their contents.

5.    Deny the allegations set forth in paragraph "5" of the Amended Complaint, except admit that plaintiffs purport to invoke the Court's jurisdiction as stated therein.

6.    Deny the allegations set forth in paragraph "6" of the Amended Complaint, except admit that plaintiffs purport to lay venue in this judicial district as stated therein, and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their contents.

7.    Deny the allegations set forth in paragraph "7" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the third and fourth sentences therein, and admit that at the time this action was commenced, on October 15, 2007, plaintiffs Ieasha S. and Maria F. resided together at the Parkview Hotel, a shelter for homeless adult families.

8.    Deny the allegations set forth in paragraph "8" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the nature and cause of plaintiff Maria F.'s alleged disorders.

9.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Amended Complaint, except admit that

plaintiff Olga C.M. has submitted documents purporting to show that she has been diagnosed with Chronic Obstructive Pulmonary Disease, Asthma, diabetes, a thyroid condition, and depression, and admit that at the time the Amended Complaint was filed, plaintiff Olga C.M. resided with her son Christopher M. at the Parkview Hotel, a shelter for homeless adult families.

10.     Deny the allegations set forth in paragraph "10" of the Amended Complaint, except admit that, at the time the Amended Complaint was served, plaintiffs Ieasha S. and Maria F. qualified for temporary housing assistance pursuant to the policies and procedures of DHS and applicable State regulations.

11.     Deny the allegations set forth in paragraph "11" of the Amended Complaint, except admit that, at the time the Amended Complaint was served, plaintiff Olga C.M. and her son Christopher M. qualified for temporary housing assistance pursuant to the policies and procedures of DHS and applicable State regulations.

12.     Deny the allegations set forth in paragraph "12" of the Amended Complaint, except admit that, at the time the Amended Complaint was served, plaintiffs Ieasha S. and Maria F. qualified for temporary housing assistance pursuant to the policies and procedures of DHS and applicable State regulations.

13.     Deny the allegations set forth in paragraph "13" of the Amended Complaint, except admit that, at the time the Amended Complaint was served, plaintiff Olga C.M. and her son Christopher M. qualified for temporary housing assistance pursuant to the policies and procedures of DHS and applicable State regulations.

14.     Deny the allegations set forth in paragraph "14" of the Amended Complaint, except admit that New York City is a municipality organized under New York State Law.

15.     Deny the allegations set forth in paragraph "15" of the Amended Complaint, except admit that the City of New York receives federal funding and, where applicable, is subject to section 504 of the Federal Rehabilitation Act, Title II of the Americans with Disabilities Act, section 40-c of the New York State Civil Rights Law, the New York State Human Rights Law, and the New York City Human Rights Law, and respectfully refer the Court to Chapters 24-A and 24-B of the New York City Charter, Article 5 of the New York Social Services Law, and Title 18 of the New York Code, Rules, and Regulations regarding the powers, duties and organization of DHS.

16.     Deny the allegations set forth in paragraph "16" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff Ieasha S.'s alleged suicide attempts, plaintiff Maria F.'s alleged disorders, and the nature of the relationship between plaintiffs Ieasha S. and Maria F., and admit that plaintiffs Ieasha S. and Maria F. were placed at the Parkview Hotel on or about September 29, 2006.

17.     Deny the allegations set forth in paragraph "17" of the Amended Complaint, except admit that plaintiff Ieasha S. has submitted documents purporting to show that she was seen at the emergency room at St. Luke's Roosevelt Hospital and subsequently discharged on October 9, 2007, and that on that day, plaintiffs Ieasha S. and Maria F. were served with a notice of an administrative transfer which informed plaintiffs, among other things, that they would be transferred to another shelter facility on October 11, 2007, and respectfully refer the Court to the notice of administrative transfer for a complete and accurate statement of its contents.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Amended Complaint, except admit that plaintiffs Ieasha S. and Maria F., through attorneys at the Legal Aid Society, sought to prevent the scheduled transfer, that attorneys at the Legal Aid Society sent an email on October 10, 2007, and refer the Court to the referenced email for a complete and accurate statement of its contents.

19.     Deny the allegations set forth in paragraph "19" of the Amended Complaint, except admit that plaintiffs Ieasha S. and Maria F. were notified on October 11, 2007 that the scheduled transfer would take place on October 15, 2007, that plaintiffs Ieasha S. and Maria F., through counsel, sought to prevent the scheduled transfer, and that attorneys at the Legal Aid Society sent a letter on October 11, 2007, and respectfully refer the Court to the referenced letter for a complete and accurate statement of its contents.

20.     Deny the allegations set forth in paragraph "20" of the Amended Complaint, except affirmatively aver that on October 31, 2007, a date following the filing of the Complaint and the issuance of a temporary restraining order, plaintiffs Ieasha S. and Maria F. were transferred to the Aladdin Hotel pursuant to a stipulation entered into on October 29, 2007.

21.     Deny the allegations set forth in paragraph "21" of the Amended Complaint.

22.     Deny the allegations set forth in paragraph "22" of the Amended Complaint, except admit that at the time the Amended Complaint was filed, plaintiff Olga C.M. resided with her son Christopher M. at the Parkview Hotel since on or about May 31, 2005, and that plaintiff Olga C.M. has submitted documents purporting to show that she has been diagnosed with Chronic Obstructive Pulmonary Disease, Asthma, diabetes, a thyroid condition, and depression, and that she has received emergency medical care at Mt. Sinai hospital.

23.     Deny the allegations set forth in paragraph "23" of the Amended Complaint, except admit that plaintiff Olga C.M. provided a letter from a doctor at the office of Dr. Hemant Patel which stated that plaintiff Olga C.M. received treatment at that office and asked that she not be transferred to another facility, and respectfully refer the Court to the referenced letter for a complete and accurate statement of its contents.

24.     Deny the allegations set forth in paragraph "24" of the Amended Complaint, except admit that plaintiff Olga C.M. and her son Christopher M. were served with a notice of an administrative transfer, dated November 7, 2007, which informed them, among other things, that due to their need for intensive case management and additional services, they would be transferred to another facility on November 9, 2007, and respectfully refer the Court to the transfer notice dated November 7, 2007, for a complete and accurate statement of its contents.

25.     Deny the allegations set forth in paragraph "25" of the Amended Complaint, except admit that plaintiff Olga C.M., through counsel, sought to prevent the scheduled transfer, which DHS voluntarily postponed.  Defendants also admit that, after further consideration, DHS issued a revised notice of administrative transfer on November 13, 2007.

26.     Deny the allegations set forth in paragraph "26" of the Amended Complaint, except admit that the revised notice of administrative transfer issued to plaintiff Olga C.M. and her son Christopher M. on November 13, 2007 identified the Star Bright Family Residence ("Star Bright") as the transfer facility and stated that the reason for the transfer was plaintiff Olga C.M.'s need for intensive case management and additional services, and respectfully refer the Court to the revised notice of administrative transfer for a complete and accurate statement of its contents.  Defendants also admit that DHS informed counsel for

plaintiff Olga C.M. that DHS made the determination to transfer the family due to their "failure to comply with program requirements" and because DHS concluded the "family would benefit from the enhanced social, housing, and medical services" at Star Bright.

27.    Deny the allegations set forth in paragraph "27" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the frequency with which plaintiff Olga C.M. attended church prior to the filing of the Amended Complaint and what she derived from the alleged attendance.

28.    Deny the allegations set forth in paragraph "28" of the Amended Complaint, except admit that at the time the Amended Complaint was filed, the Parkview Hotel did not have posters displayed informing residents of their rights under the ADA.

29.    Deny the allegations set forth in paragraph "29" of the Amended Complaint.

30.    Deny the allegations set forth in paragraph "30" of the Amended Complaint.

31.    Deny the allegations set forth in paragraph "31" of the Amended Complaint.

32.    Deny the allegations set forth in paragraph "32" of the Amended Complaint.

33.    Admit the allegations set forth in paragraph "33" of the Amended Complaint.

34.    Deny the allegations set forth in paragraph "34" of the Amended Complaint, and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their contents.

35.     Deny the allegations set forth in paragraph "35" of the Amended Complaint, and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their contents.

36.     Deny the allegations set forth in paragraph "36" of the Amended Complaint.

37.     Deny the allegations set forth in paragraph "37" of the Amended Complaint.

38.     Deny the allegations set forth in paragraph "38" of the Amended Complaint.

39.     Admit the allegations set forth in paragraph "39" of the Amended Complaint.

40.     Admit the allegations set forth in paragraph "40" of the Amended Complaint.

41.     Deny the allegations set forth in paragraph "41" of the Amended Complaint, except admit that the Rehabilitation Act defines disability as stated therein, and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their contents.

42.     Deny the allegations set forth in paragraph "42" of the Amended Complaint, and respectfully refer the Court to the regulations cited therein for a complete and accurate statement of their contents.

43.     Deny the allegations set forth in paragraph "43" of the Amended Complaint, and respectfully refer the Court to the regulations cited therein for a complete and accurate statement of their contents.

44.    Deny the allegations set forth in paragraph "44" of the Amended Complaint.

45.    Deny the allegations set forth in paragraph "45" of the Amended Complaint.

46.    Deny the allegations set forth in paragraph "46" of the Amended Complaint.

47.    Deny the allegations set forth in paragraph "47" of the Amended Complaint, except admit that defendants act pursuant to the laws and regulations of the State and City of New York.

48.    Deny the allegations set forth in paragraph "48" of the Amended Complaint.

49.    Deny the allegations set forth in paragraph "49" of the Amended Complaint.

50.    Deny the allegations set forth in paragraph "50" of the Amended Complaint.

51.    Deny the allegations set forth in paragraph "51" of the Amended Complaint.

52.    Deny the allegations set forth in paragraph "52" of the Amended Complaint.

53.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the Amended Complaint.

54.    Deny the allegations set forth in paragraph "54" of the Amended Complaint.

55.     Deny the allegations set forth in paragraph "55" of the Amended Complaint.

56.     Deny the allegations set forth in paragraph "56" of the Amended Complaint.

57.     Deny the allegations set forth in paragraph "57" of the Amended Complaint.

58.     Deny the allegations set forth in paragraph "58" of the Amended Complaint.

59.     Deny the allegations set forth in paragraph "59" of the Amended Complaint.

### AS AND FOR A FIRST DEFENSE:

60.     The Amended Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND DEFENSE:

61.     Defendants have not violated any of the plaintiffs' rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD DEFENSE:

62.     At all times relevant to the acts alleged in the Amended Complaint, defendants' conduct was reasonable, proper, lawful, constitutional, in good faith, and without malice.

### AS AND FOR A FOURTH DEFENSE:

63.     Plaintiffs have no right or entitlement to shelter at a particular facility.

## AS AND FOR A FIFTH DEFENSE:

64.     DHS engaged in an interactive process with plaintiffs so that plaintiffs' concerns regarding the proposed administrative transfers were considered.

## AS AND FOR A SIXTH DEFENSE:

65.     Plaintiffs' alleged disabilities have been reasonably accommodated at the transfer locations.

## AS AND FOR A SEVENTH DEFENSE:

66.     Plaintiffs have access to an adequate post-transfer remedy.

## AS AND FOR A EIGHTH DEFENSE:

67.     Plaintiffs' claims are, in whole or in part, moot.

## AS AND FOR AN NINTH DEFENSE:

68.     An award of punitive damages is not an available remedy against the City of New York or DHS.

**WHEREFORE**, defendants request judgment dismissing the Amended Complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:        New York, New York
              February 29, 2008

                                        Michael A. Cardozo
                                        Corporation Counsel of the
                                         City of New York
                                        Attorney for the Plaintiff
                                        100 Church Street, Room 2-179
                                        New York, New York 10007
                                        212-788-0889


                                        By:    _____s/_____
                                               Andrew Rauchberg (AR 2179)
                                               Assistant Corporation Counsel

To:     Amanda Moretti, Esq.
        Kenneth R. Stephens, Esq.
        The Legal Aid Society
        Attorneys for Plaintiffs
        199 Water Street, 3rd Floor
        New York, New York  10038
        (via ECF)